An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-122

Filed 1 October 2025

Guilford County, No. 24JA000333-400

IN THE MATTER OF: W.L.

Appeal by respondent-mother from order entered 21 October 2024 by Judge Ashley Watlington-Simms and order entered 28 October 2024 by Judge Tabatha P. Holliday in District Court, Guilford County. Heard in the Court of Appeals 6 August 2025.

> *Mercedes O. Chut for petitioner-appellee Guilford County Department of Health and Human Services.*
>
> *Michelle FormyDuval Lynch for guardian ad litem.*
>
> *Hooks Law, P.C., by Laura G. Hooks, for respondent-appellant-mother.*

PER CURIAM.

Mother appeals an order adjudicating her minor child, Wesley,[1] as a neglected and dependent juvenile and a disposition order, which ceased reunification efforts. Mother's appellate counsel has filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. After careful review, we are unable to identify

---

[1] We use a pseudonym to protect the juvenile's identity.

an error below and affirm the trial court's orders.

## I.     Factual and Procedural History

Mother gave birth to Wesley in February 2024.  On 14 February 2024, the Guilford County Department of Health and Human Services (GCDHHS) received a report alleging "neglect and substance abuse."  Specifically, the report alleged that: Wesley's urine tested positive for cocaine at birth, Mother did not receive prenatal care, and Mother admitted to using fentanyl during her pregnancy.  When Mother was interviewed by a social worker the next day, Mother denied using cocaine; however, she acknowledged that "she [had] used fentanyl which she 'guessed' had cocaine in it."  Later that day, Mother tried to leave the hospital and was arrested.

GCDHHS filed a juvenile petition on 29 February 2024, alleging that Wesley was a neglected and dependent juvenile.  That same day, GCDHHS obtained nonsecure custody of Wesley, who remained in the hospital with withdrawal symptoms.  After being discharged from the hospital in March 2024, Wesley was placed in foster care.  The petition also identified a putative father, but later DNA testing established that he was not Wesley's biological father, and Mother did not identify any other potential putative fathers.

The trial court held an adjudication hearing on 23 July 2024 and a disposition hearing on 23 August 2024.  By order entered 21 October 2024, the trial court adjudicated Wesley as a neglected and dependent juvenile.  In the adjudication order, the trial court made many findings of fact addressing Wesley's neglect and

dependency, including: Mother's parental rights had been terminated to one of her children and her other three children were in foster care; of the three names Mother provided as Temporary Safety Providers, two were unwilling to care for Wesley and one was screened out for her criminal history and safety concerns; when GCDHHS attempted a home visit, Mother's father told the social worker that Mother's "drug of choice was crack" and that he had not seen Mother prepare for the baby; and at a 27 February 2024 Child and Family Team Meeting, Mother "admitted to having substance abuse issues for two (2) to three (3) years," that fentanyl was her "drug of choice," and although she "expressed a desire to care for [Wesley], she was going to be facing criminal charges and incarceration." The trial court concluded that Wesley was neglected and dependent.

The court entered a disposition order on 28 October 2024, which ordered that Wesley remain in GCDHHS's custody and ceased reunification efforts. In the disposition order, the trial court made several findings of fact, including: "[t]he conditions which led to the removal of [Mother's other four children] included positive at birth for cocaine, opioids and marijuana, and the parents had substance abuse issues"; "[a]ggravating circumstances exist warranting the cessation of reunification efforts including: chronic or toxic exposure to alcohol or controlled substances that caused an impairment or addiction in the juvenile"; although Mother entered into a jail case plan in March of 2024, she did not comply with all of the plan's components; and GCDHHS made reasonable reunification efforts. The trial court identified these

barriers to reunification: Mother's current incarceration with a projected release date of 16 April 2025, Mother's "need[ ] to address her substance abuse and mental health concerns by completing her comprehensive clinical assessment and complying with all recommendations"; Mother's "need[ ] to obtain adequate housing that is safe and suitable for her and [Wesley] upon release from jail"; and that Wesley's father is unknown. Ultimately, the court concluded that:

> It is in [Wesley]'s best interest that reunification efforts cease due to the aggravating circumstances and the lack of compelling evidence warranting continued reunification efforts pursuant to [North Carolina General Statute Section] 7B-901(c)(1)(e)(2) related to [Mother's] ten-plus year-long history with ongoing substance abuse which has not been adequately addressed, and that [Mother] was unable to demonstrate to the [c]ourt that she is committed to her sobriety.

Mother timely appealed from both orders.

## II.  Analysis

Mother's counsel has filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. *See* N.C. R. App. P. 3.1(e) ("When counsel for the appellant concludes that there is no issue of merit on which to base an argument for relief, counsel may file a no-merit brief. . . . In the no-merit brief, counsel must identify any issues in the record on appeal that arguably support the appeal and must state why those issues lack merit or would not alter the ultimate result."). Mother's counsel also informed Mother in writing of her right to file a *pro se* appellant brief and instructions; however, Mother failed to do so.

Mother's counsel identified three potential issues in her no-merit brief: (1) "[w]hether the trial court erred when it concluded that Wesley was neglected"; (2) "[w]hether the trial court erred when it concluded that Wesley was dependent"; and (3) "[w]hether the trial court abused its discretion at disposition." When a no-merit brief is filed under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure, this Court must "conduct an independent review of the issues set out in the no-merit brief filed by respondent's counsel." *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019).

As to the adjudication order, "[t]he standard of review on appeal is whether the trial court's findings are supported by clear and convincing evidence. In addition, the findings must support the conclusions of law." *In re E.P.*, 183 N.C. App. 301, 306, 645 S.E.2d 772, 775 (2007) (citation omitted). Here, the trial court adjudicated Wesley to be a neglected and dependent juvenile:

> A dependent juvenile is defined as one who is in need of assistance or placement because the juvenile has no parent responsible for the juvenile's care or supervision or whose parent is unable to provide for the care or supervision of the juvenile. A neglected juvenile is defined in part as one who does not receive proper care, supervision, or discipline from the juvenile's parent; or who lives in an environment injurious to the juvenile's welfare. In addition, this Court has required that there be some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the failure to provide proper care, supervision, or discipline in order to adjudicate a juvenile neglected.

*Id.* at 307, 645 S.E.2d at 775 (citations, quotation marks, brackets, and ellipses

omitted).

As to the disposition order, this Court "review[s] a dispositional order only for abuse of discretion." *In re B.W.*, 190 N.C. App. 328, 336, 665 S.E.2d 462, 467 (2008). "An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." *Id.* (citations omitted).

After carefully reviewing the transcript and record, we find no merit in counsel's three potential issues because the trial court's conclusions of law are supported by its findings of fact and ample evidence demonstrates that the trial court did not abuse its discretion in ceasing reunification efforts. *See In re L.E.M.*, 372 N.C. at 402, 831 S.E.2d at 345. We are unable to find any prejudicial error in the trial court's adjudication or disposition order. *See id.*

## III. Conclusion

We affirm the trial court's adjudication order and disposition order.

AFFIRMED.

Panel consisting of Judges STROUD, WOOD, and FLOOD.

Report per Rule 30(e).